■ MICHAEL G. ORSELL, an Infant, by MICHAEL ORSELL, SR., His Parent, Appellant-Respondent, v. BOARD OF EDUCATION OF THE CITY OF JOHNSTOWN CITY SCHOOL DISTRICT et al., Respondents-Appellants.— GIBSON, P. J. Cross appeals from an order of the Supreme Court at Special Term which denied defendants' motion for summary judgment dismissing the complaint " on the condition that the plaintiff within sixty days * * * serve an amended complaint ", failing which, the motion to dismiss the complaint would be granted. The complaint alleges two causes of action, the first to recover damages for personal injuries sustained by the infant plaintiff by reason of the negligence of the defendants — the board of education of a city school district and its employees — and the second to recover damages for the fraudulent misrepresentations of the defendants, whereby plaintiff was induced to refrain from filing a claim upon his cause of action in negligence, pursuant to the provisions of section 50-e of the General Municipal Law, within the period of one year after the alleged negligent acts occurred (§ 50-e, subd. 5). The action was commenced following our modification of a Special Term order which denied the infant's application to serve and file a late notice of claim for negligence, our order providing that the Special Term order be modified " so as to provide that the motion to permit late filing of appellant infant's notice of claim be * * * granted in respect of his claim for fraud, only ". (*Matter of Orsell* v. *Board of Educ.*, 23 A D 2d 703.) The plaintiff does not, of course, allege in his negligence cause of action that a notice of claim was filed pursuant to section 50-e or otherwise and the pleading is thus deficient, in the first instance at least. Defendants contend that our order " disposed of such possible claim "; but plaintiff's brief asserts an estoppel within the purview of *Debes* v. *Monroe County Water Auth.* (16 A D 2d 381), arguing that the allegations of paragraphs 13, 14, 15, 16 and 19 of his second cause of action — that in fraud — sufficiently set forth a basis for estoppel to contest the negligence cause of action for failure to file a claim. We believe that each party is in error. As respects movant defendants' argument, our decision and order did recognize that the infant could not be granted permission to file a late claim for negligence, and thus, inferentially, could not sue upon a negligence cause of action in part predicated upon such filing; but we did not, by any means, deny his right to plead a negligence cause of action predicated on estoppel excusing compliance with the provisions of section 50-e. With respect to this question, we said (p. 704), that we did not give consideration to plaintiff's contention that defendants were estopped under the authority of *Debes* " inasmuch as the doctrine of that decision would be applicable, if at all, not to an application for leave to file a claim for fraud, but to an action brought in negligence, without prior filing of a notice of claim for negligence, which was the procedure taken

in *Debes*." Now, "an action brought in negligence" is before us and the question is no longer academic. We cannot, however, agree with plaintiff's contention that estoppel has been adequately pleaded, simply because an entirely separate cause of action of the same complaint alleges certain of the actionable elements of an action for fraudulent misrepresentation; and this, indeed, with no averments of the specifics and the additional elements necessary to estoppel. With respect to the negligence cause of action, and as was held in *Debes* (16 A D 2d 381, 383, *supra*): "Under the circumstances here presented, plaintiff should not be required to file a notice of claim. It will, however, be necessary for the plaintiff to file and serve an amended complaint showing the facts giving rise to the estoppel which excuses plaintiff from the necessity of complying with section 50-e." (See, also, *Matter of Daley* v. *Greece Cent. School Dist. No. 1*, 21 A D 2d 976, affd. 17 N Y 2d 530.) In *Debes* (16 A D 2d 381, 383, *supra*), the complaint was dismissed with leave to serve an amended complaint, and a similar disposition should be made in this case with respect to the cause of action in negligence. As regards the cause of action in fraud, defendants contend that our order contemplated the subsequent filing of a notice of claim and that no claim was thereafter filed; and defendants further argue that by reason of the "failure to comply with this prerequisite filing of notice of claim, and failure to make any such allegation in plaintiff's complaint, the complaint must be dismissed." The complaint does, however, allege, in paragraph 17, that, by our order, plaintiff was permitted to file a claim and further alleges, in paragraph 18, albeit in conclusory terms, "That more than thirty days have elapsed since the filing of the claim on the defendants herein and the claim has not been honored or paid." Plaintiff's position is that the claim attached to the papers on the application for permission to file a late claim for negligence, included, as in fact it did, an appropriate, verified notice of claim upon the fraud cause of action as well, and that the service thereof upon the board of education, although the claim accompanied other papers, constituted the independent and effective filing of a claim for fraud, which, it will be recalled, was then timely and required no permission. In this situation, the permission sought, and granted, may have been unnecessary but in such case was harmless. A liberal construction of the second cause of action permits the conclusion that there is thereby alleged the timely filing of a notice of claim for damages occasioned by fraud. We do not pass upon the legal question which would have arisen had the time limited for filing the fraud claim expired, so that the papers would necessarily have encompassed an application for late filing of that claim. Defendants' objection, so far as factually averred, seems not to proceed on the sufficiency of the notice of claim or the manner of its service but on the legal argument that a new or additional notice had to be filed subsequent to the entry of our order, even though the notice of claim, which defendants refer to as the "proposed" notice, was served, albeit with other papers, and, if properly served, was timely served. It is not entirely clear whether plaintiff asks now to proceed on the second cause of action as presently pleaded, leaving to the trial court the decision of any residual factual question as to the sufficiency of the notice, or whether he seeks to replead, after service of a new claim; but the permission provided by the Special Term order to replead within 60 days seems to us to be in the interests of justice in an infant's case and such as to permit plaintiff to proceed as he may be advised. Order modified, on the law and the facts, so as to provide that the complaint, with respect to the first cause of action only, be dismissed, with leave to plaintiff to serve an amended complaint upon said cause of action, within 20 days after service of the order to be entered hereon; and that plaintiff be permitted to serve an amended

complaint upon his second cause of action, if he be so advised, within 60 days after service of such order to be entered hereon; and, as so modified, affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Gibson, P. J.